# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of FIDELITY NATIONAL INFORMATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE L. FERRIS, GARY A. NORCROSS, JAMES W. WOODALL, LEE ADREAN, ELLEN R. ALEMANY, VIJAY G. D'SILVA, JEFFREY A. GOLDSTEIN, LISA A. HOOK, KENNETH T. LAMNECK, GARY L. LAUER, LOUISE M. PARENT, BRIAN T. SHEA, JAMES B. STALLINGS JR., CHARLES D. DRUCKER, KEITH W. HUGHES, DAVID K. HUNT, and JEFFREY E. STIEFLER, <br><br> Defendants, <br><br> and <br><br> FIDELITY NATIONAL INFORMATION SERVICES, INC., <br><br> Nominal Defendant. | CASE NO.: 3:23-cv-01223-TJC-LLL |

**JOINT MOTION TO STAY RESPONSE DEADLINE AND TO ESTABLISH PROCEDURE FOR MOTION TO DISMISS BRIEFING WITH INCORPORATED MEMORANDUM OF LAW**

1

Plaintiff City of Hialeah Employees' Retirement System ("Plaintiff"), and Defendants Stephanie L. Ferris, Gary A. Norcross, James W. Woodall, Lee Adrean, Ellen R. Alemany, Vijay G. D'Silva, Jeffrey A. Goldstein, Lisa A. Hook, Kenneth T. Lamneck, Gary L. Lauer, Louise M. Parent, Brian T. Shea, James B. Stallings Jr., Charles Drucker, Keith W. Hughes, David K. Hunt, Jeffrey E. Stiefler (the "Individual Defendants"), and Nominal Defendant Fidelity National Information Services, Inc. ("FIS" and together with the Individual Defendants, "Defendants"), by and through their respective counsel of record and pursuant to Federal Rule of Civil Procedure 6(b), hereby jointly move this Court to: (1) stay Defendants' deadline to answer, move to dismiss, or otherwise respond to the Verified Shareholder Derivative Complaint ("Complaint"); and (2) set a briefing schedule so that Plaintiff and Defendants (together, the "Parties") can submit their positions on how initial motion practice should proceed.  In support of their Joint Motion, the Parties state as follows:

1. On October 18, 2023, Plaintiff filed the Complaint.

2. On January 9, 2024, Defendants executed Waivers of Service of Process.

3. The Complaint alleges that on July 7, 2023, Plaintiff served its stockholder demand on the FIS Board of Directors (the "FIS Board") pursuant to Ga. Code § 14-2-742.

4. Defendants submit that the FIS Board has not rejected Plaintiff's demand, and has instead established a Demand Review Committee to investigate Plaintiff's demand and make recommendations to the FIS Board, and that Defendants' motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's demand should be briefed first, with Defendants' deadline to answer or file merits-based motions to dismiss being adjourned during the pendency of such initial non-merits-based motions to stay and/or dismiss.

5. Plaintiff submits that the FIS Board rejected the demand, and demonstrated it is not capable of independently considering a demand, and that all motions to stay and/or dismiss by all Defendants should be filed together.

6. The Parties have conferred and have been unable to agree on whether all motions to stay and/or dismiss for all Defendants should be filed together.

7. The Parties jointly respectfully request that the Court enter an Order requiring that, by January 16, 2024, Plaintiff and Defendants file supporting legal memoranda with the Court of no more than eight double-spaced pages setting forth their respective positions on the following issue: (i) whether, as Plaintiff contends, all motions to stay and/or dismiss should be briefed together, or (ii) whether, as Defendants contend, motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's

3

demand should be briefed first, with Defendants' deadline to answer or file merits-based motions to dismiss being adjourned during the pendency of such initial non-merits-based motions to stay and/or dismiss.

8. The Parties further jointly respectfully request that the Court enter an Order that Defendants' deadline to answer, move to dismiss, or otherwise respond to the Complaint shall be adjourned until the Court enters an Order on whether Defendants must file merits-based motions to dismiss together with any motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's demand.

9. The Parties further jointly respectfully request that the Court's Order provide that, promptly after receiving a ruling from the Court on whether Defendants must file merits-based motions to dismiss together with any motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's demand, the Parties shall meet and confer and submit a joint status report to the Court concerning an appropriate schedule for motion practice consistent with the Court's ruling.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 6(b) and the Court's inherent authority to manage and control its docket, the Parties respectfully submit that good cause exists for the Court to grant the relief requested herein with respect to the

scheduling and sequencing of certain pre-trial motions and deadlines. In this case, the Parties disagree over how initial motion practice should proceed. Good cause exists under these circumstances to adjourn Defendants' deadline to answer, move to dismiss, or otherwise respond to the Complaint while the Court resolves that disagreement. The Parties agree that it is in the best interest of judicial efficiency and economy for Defendants to answer, move to dismiss, or otherwise respond to the Complaint only after the Court has resolved the Parties' disagreement. The Parties' Joint Motion is made in good faith and not for the purpose of delay or any other improper purpose.

WHEREFORE, the Parties respectfully request that the Court enter an Order:

A. Providing that, by January 16, 2024, Plaintiff and Defendants shall file supporting legal memoranda with the Court of no more than eight double-spaced pages setting forth their respective positions on the following issue: (i) whether, as Plaintiff contends, all motions to stay and/or dismiss should be briefed together, or (ii) whether, as Defendants contend, motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's demand should be briefed first, with Defendants' deadline to answer or file merits-based motions to dismiss being adjourned during the pendency of such initial non-merits-based motions to stay and/or dismiss;

5

B. Providing that Defendants' deadline to answer, move to dismiss, or otherwise respond to the Complaint shall be adjourned until the Court enters an Order on whether Defendants must file merits-based motions to dismiss together with any motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's demand; and

C. Providing that promptly after receiving a ruling from the Court on whether Defendants must file merits-based motions to dismiss together with any motions to stay and/or dismiss based on whether this case can proceed while the FIS Board and Demand Review Committee consider Plaintiff's demand, the Parties shall meet and confer and submit a joint status report to the Court concerning an appropriate schedule for motion practice consistent with the Court's ruling.

Dated: January 9, 2024

/s/ Adam Warden
Maya Saxena
Joseph E. White, III
Adam Warden
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, Florida
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxenawhite@saxenawhite.com
jwhite@saxenawhite.com
awarden@saxenawhite.com

*Counsel for Plaintiff*

/s/ R. Eric Bilik
R. Eric Bilik (FL Bar No. 987840)
MCGUIREWOODS LLP
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Tel: (904) 798-2685
ebilik@mcguirewoods.com

Ian M. Ross (FL Bar No. 91214)
SIDLEY AUSTIN LLP
1001 Brickell Bay Dr., Suite 900
Miami, FL 33131
Tel: (305) 391-5100
iross@sidley.com

Hille R. Sheppard*
John M. Skakun III*
Caroline A. Wong*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
hsheppard@sidley.com
jskakun@sidley.com
caroline.wong@sidley.com

**Application for Local Rule 2.01 Special Admission forthcoming*

*Counsel for Nominal Defendant and Defendants Stephanie L. Ferris, Gary A. Norcross, and James W. Woodall*

/s/ Lawren A. Zann
Beth-Ann E. Krimsky (FL Bar No. 968412)

        Lawren A. Zann (FL Bar No. 42997)
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-6296
beth-ann.krimsky@gmlaw.com
lawren.zann@gmlaw.com

Deborah S. Birnbach*
Justin D. Ward*
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
dbirnbach@goodwinlaw.com
jward@goodwinlaw.com

Charles A. Brown*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
cbrown@goodwinlaw.com

*Application for Local Rule 2.01 Special Admission forthcoming*

*Counsel for Defendants Lee Adrean, Ellen R. Alemany, Vijay G. D'Silva, Charles Drucker, Jeffrey A. Goldstein, Lisa A. Hook, Keith W. Hughes, David K. Hunt, Kenneth T. Lamneck, Gary L. Lauer, Louise M. Parent, Brian T. Shea, James B. Stallings Jr., and Jeffrey E. Stiefler*